IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE C. LUCAS, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:23-cv-1910 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| DEPARTMENT OF CORRECTIONS, ) | |
| *et al.,* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Eddie C. Lucas, Jr. brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Pennsylvania Department of Corrections ("DOC"); the Pennsylvania Board of Probation and Parole[1] ("PBPP"); PBPP employees Mr. Darr, Mr. Cook, Alisha Nicole Reese, and Robert Fassinger; and Michael Zaken, the Superintendent of SCI Greene.[2]

Pending before the Court[3] is Defendants' Motion to Dismiss Complaint for Failure to State a Claim. (ECF No. 45.) For the reasons that follow, this motion will be granted.

**I.    Procedural History**

Plaintiff's Complaint was received in the United States District Court for the Middle District of Pennsylvania in September 2023. (ECF No. 1.) He filed an Amended Complaint on October 5, 2023. (ECF No. 7.) The case was subsequently transferred to this district. (ECF No. 12.)

---

[1] Also referred to as "Department of Parole."
[2] As reflected in the address he supplied to the Court, Plaintiff is no longer in the custody of the DOC.
[3] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

After Plaintiff corrected certain procedural deficiencies, the Court ordered service of the Amended Complaint on Defendants. (ECF No. 21). Thereafter, Defendants filed the instant motion and a supporting brief on March 18, 2024. (ECF Nos. 45 and 46). Plaintiff filed a response on March 29, 2024, which he supplemented on April 1, 2024. (ECF Nos. 48 and 49.) The motion is ripe for disposition.

## II.     Factual Allegations

In his Amended Complaint, Plaintiff alleges the following. On November 9, 2023, he appeared at a detention hearing at which all pending charges against him were withdrawn. (ECF No. 7 at 4.) Although he should have been released within 72 hours, he was instead transferred to Renewal, Inc.,[4] located in Pittsburgh, which is more than five hours from his home. (*Id.*) Plaintiff attempted to submit a home plan, but Defendant Reese, a parole agent, informed him that he could not return to his home due to an outstanding Protection From Abuse ("PFA") order. (*Id.*) Plaintiff alleges that there was no such order. (*Id.*) When the Pittsburgh District Office was notified that no PFA existed, Defendant Fassinger, a parole supervisor, presented Plaintiff with a false document that stated he could not return to Monroe County. (*Id.* at 4-5.) Due to these events, Plaintiff alleges that because he been unable to be with his family, he has sustained emotional harm for which he seeks monetary damages. (*Id.* at 4-5, 7.)

## III.    Legal Standard

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This

---

[4] Renewal, Inc. is an organization that offers a community correctional program.

requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

The Supreme Court has stated that "the allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

**IV.**   **Discussion**

    A.   Immunity from Suit

Defendants first argue that the DOC and the PBPP are immune from suit under the Eleventh Amendment. (ECF No. 46 at 3-4.) They are correct. As agencies of the Commonwealth of Pennsylvania, both the DOC and the PBPP enjoy immunity from being sued in federal court under § 1983 pursuant to the Eleventh Amendment to the United States Constitution. *Blake v. Entero*, 2023 WL 8191229, at *2 (W.D. Pa. May 3, 2023) (citing *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979)); *Keller v. Pa. Bd. of Prob. & Parole*, 240 Fed. Appx. 477, 479 (3d Cir. 2007) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) and *Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Auth.*, 103 F.3d 1165, 1172 (3d Cir. 1997)).

Therefore, the DOC and PBPP will be dismissed with prejudice.

      B.    <u>Failure to State a Claim</u>

Defendants next argue that Plaintiff has failed to state a claim upon which relief can be granted. (ECF No. 46 at 4-5.) They point out that Plaintiff has not made any allegations regarding any conduct on the part of Defendants Darr, Cook or Zaken, and with respect to Defendants Fassinger and Reese, he has failed to state how either played any role in the alleged violation of his rights. (*Id.*)

Although Plaintiff asserts violations of his rights under the Eighth and Fourteenth Amendments, he fails to establish plausible civil rights claims against Fassinger or Reese. While Plaintiff alleges that these Defendants presented him with incorrect information, but he does not allege that they originated the information or had any reason to know it was false. Accordingly, the claims against these Defendants will be dismissed.

Moreover, as the Complaint fails to assert any claims against Defendants Darr, Cook or Zaken, they will also be dismissed.

      C.    <u>Amendment</u>

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Because Plaintiff cannot circumvent the immunity of the DOC or of the PBPP, it would be futile to permit amendment of the claims against them. However, the Court cannot conclude that it would be futile or inequitable to permit Plaintiff to file an amended complaint to remedy the other deficiencies identified herein.

## V. Conclusion

For these reasons, Defendants' Motion to Dismiss, ECF No. 45, will be:

1.	Granted with prejudice as to the § 1983 claims against Department of Corrections and Pennsylvania Board of Probation and Parole.

2.	Granted with leave to amend in all other respects.

An appropriate Order follows.

Dated:  October 30, 2024                                                  /s/ Patricia L. Dodge
                                                                                          PATRICIA L. DODGE
                                                                                          United States Magistrate Judge