IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE C. LUCAS, JR., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:23-cv-1910 |
| | ) |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| DEPARTMENT OF CORRECTIONS, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Eddie C. Lucas, Jr. brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Mr. Darr, Mr. Cook, Alisha Nicole Reese, and Robert Fassinger, employees of the Pennsylvania Parole Board. Pending before the Court[1] is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.[2] (ECF No. 61.) For the reasons that follow, this motion will be granted.

**I.    Procedural History**

Plaintiff's initial Complaint was received in the United States District Court for the Middle District of Pennsylvania. (ECF No. 1.) He then filed an Amended Complaint against the Pennsylvania Department of Corrections, the Pennsylvania Parole Board, Michael Zaken, Mr. Darr, Mr. Cook, Alisha Nicole Reese, and Robert Fassinger. (ECF No. 7.) The case was subsequently

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.
[2] In the body of their motion to dismiss, Defendants also seek to strike the Second Amended Complaint. (ECF No. 61 ¶ 33.) Because it is dismissing Plaintiff's Second Amended Complaint, the Court need not reach this issue.

transferred to this district. (ECF No. 12.) After Plaintiff corrected certain procedural deficiencies, the Court ordered service of the Amended Complaint on the named defendants. (ECF No. 21.)

Those defendants filed a motion to dismiss the Amended Complaint. (ECF No. 45.) This Court granted the motion, dismissing with prejudice Plaintiff's claims against the Department of Corrections and the Parole Board and dismissing without prejudice claims against the remaining defendants. (ECF Nos. 53, 54.)

Plaintiff subsequently filed a Second Amended Complaint against Defendants Darr, Cook, Reese, and Fassinger. (ECF No. 60.)[3] Defendants again moved to dismiss and filed a brief in support. (ECF Nos. 61, 62.) Plaintiff filed a response. (ECF No. 64.) The motion is ripe for disposition.

## II. Legal Standard

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

---

[3] Michael Zaken is not named as a defendant in the Second Amended Complaint.

The Supreme Court has stated that "the allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

### III.   Relevant Background and Discussion

In his previously filed Amended Complaint, Plaintiff alleged that although he appeared at a detention hearing at which all pending charges against him were withdrawn, he was transferred to Renewal, which was hours from his home, instead of being released. According to the Amended Complaint, Defendant Reese, a parole agent, informed him that he could not return to his home due to an outstanding Protection from Abuse ("PFA") order. When the Pittsburgh District Office was notified that no PFA existed, Defendant Fassinger, a parole supervisor, presented Plaintiff with a false document that stated he could not return to Monroe County. Due to these events, Plaintiff alleged that he sustained emotional harm because he has been unable to be with his family.

As referenced above, the Court dismissed with prejudice the claims in the Amended Complaint against the Department of Corrections and the Parole Board. In granting Defendants' motion to dismiss as to the individual Defendants, the Court found that Plaintiff made no allegations regarding any conduct on the part of Defendants Darr, Cook or Zaken. (ECF No. 53 at 4.) Therefore, they were entitled to dismissal of the claims against them.

The Court further dismissed the claims against Defendants Fassinger and Reese. As noted in the opinion, although Plaintiff asserted violations of his rights under the Eighth and Fourteenth Amendments, he failed to establish plausible civil rights claims against Fassinger or Reese. While

Plaintiff alleged that these Defendants presented him with incorrect information, but he did not allege that they originated the information or had any reason to know it was false.

In its order granting the individual Defendants' motion to dismiss the Amended Complaint, the Court permitted Plaintiff to file a second amended complaint to remedy the deficiencies in his claims against these defendants.

As Defendants correctly assert, a comparison of the Amended Complaint with the Second Amended Complaint demonstrates that Plaintiff has made exactly the same factual allegations in his Second Amended Complaint as he did in his Amended Complaint. (ECF No. 7 at 4-5; ECF No. 60-1 at 1-2). The Court has already determined that these allegations are insufficient to state a claim against Defendants.

The only differences in the two complaints relate to their various attachments. Attached to the Amended Complaint is a grievance, a consent to release records, a request to staff member and a Pennsylvania Parole Board Notice of Board Decision dated June 20, 2023. To the Second Amended Complaint, Plaintiff attaches a description of a Section 1983 claim that is interspersed with typewritten commentary about matters related to his parole, including rescission of his parole and his complaint that he was not afforded other parole hearings . (ECF 60-2 at 1-5.)  The sole reference to any of the Defendants in this attachment is the following: "And in fact when parole agent MR. cook rescinded plaintiff final Automatic reparole from parole Examiner was a breach of contract and the abuse of discretion within his official capacity." (*Id.* at 2-3.) Also attached to the Second Amended Complaint are three Notice of Board Decisions by the Parole Board (ECF Nos. 60-3, 60-4 and 60-5) and an Administrative Remedies Form (ECF No. 60-6). None of these documents reference any of the individual Defendants.

In short, while Plaintiff was provided with an opportunity to correct the deficiencies in his Amended Complaint, he has failed to do so. The Second Amended Complaint does not include any allegations about Defendant Darr, does not include Defendant Zaken in the caption or body, and the sole sentence in an attachment about Defendant Cook fails to state a claim against him. Likewise, since Plaintiff's allegations against Defendants Fassinger and Reese are identical to those in the Amended Complaint, he has failed to cure the deficiencies of his claims against them. Therefore, the claims against all of the Defendants must be dismissed.

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court concludes that it would be both futile and inequitable to allow Plaintiff to file a third amended complaint to remedy deficiencies that were previously identified and he has failed to cure.

### IV.   Conclusion

For these reasons, Defendants' Motion to Dismiss will be granted and the Second Amended Complaint will be dismissed with prejudice.

An appropriate Order follows.

March 18, 2025                                                     /s/ Patricia L. Dodge
                                                                           PATRICIA L. DODGE
                                                                           UNITED STATES MAGISTRATE JUDGE